UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-129-GNS-LLK

JILL SPROWLES                                                                                       CLAIMANT

v.

COMMISSIONER OF SOCIAL SECURITY                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On May 26, 2015, Magistrate Judge Lanny King issued his Findings of Fact, Conclusions of Law, and Recommendations denying Jill Sprowles ("Sprowles") claim for Social Security Disability benefits. (Findings of Fact, Conclusions of Law, & Recommendations, DN 23). On June 8, 2014, Sprowles filed her objections. (Pl.'s Objs., DN 24). Because the Administrative Law Judge's decision not to give controlling weight to a physician's opinion is supported by substantial evidence, the objections are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Recommendations to the extent they are consistent with this opinion.

    **I.**    **SUMMARY OF FACTS AND PROCEDURAL BACKGROUND**

Sprowles applied for Disability Benefits and Supplemental Security Income in September of 2011. (Admin. R. [hereinafter AR] 217). At the time, she was 33 years old and had been unemployed for several months. (AR 232-33). Prior to January 2011, her work had included cashier, assistant manager, general laborer, and waitress. (AR 262). Beginning that January, she claims cardiac disease and leg problems prevented her return to work. Her initial claim for disability benefits and request for reconsideration were denied in January 2012. (AR 217). After a hearing, her claim was again denied in May 2013. (AR 225).

1

The Administrative Law Judge ("ALJ") adjudicating Sprowles's claim noted several treatments for cardiac conditions in his decision denying her claim. (AR 222). Stents were placed in January and May 2011. (AR 222). Dr. Miguel of Norton Cardiovascular Associates examined her in July 2011. (AR 422-24). The ALJ noted her treatment by several other cardiologists including Dr. Himachal Veligandla ("Dr. Veligandla"). (AR 222-3). Dr. Veligandla completed a cardiac residual functional capacity ("RFC") questionnaire on Sprowles's condition in which he indicated she could stand/walk for less than two hours, could sit for about four hours, and might miss work about four times per month. (AR 817-18). If accepted as accurate, this would render her disabled. Sprowles's appeal to this Court and her objection to the Magistrate Judge's Recommendations are based on what she considers the improper weight afforded Dr. Veligandla's opinions.

The ALJ ultimately granted Dr. Veligandla's opinion only "limited weight . . . to the extent his assessment is consistent with limiting the claimant to a range of sedentary work with environmental limitations." (AR 223). He considered the doctor's opinion only insofar as it was consistent with other evidence and opinions. After a follow-up visit in July 2012, the doctor opined Sprowles "is not a candidate to go to regular work due to syncope [fainting] and frequent episodes of shortness of breath and chest pressures." (AR 810). In discounting this opinion, the ALJ noted that whether a patient is able to work is a decision left to the Commissioner. (AR 223). In May 2013, the ALJ ultimately concluded that while Sprowles's impairments imposed limitations on the jobs she could perform, they were not disabling. (AR 225). Having exhausted her administrative remedies, she appealed the decision to this Court. (DN 1).

## II.   STANDARD

A decision by an administrative law judge in Social Security cases is reviewed to determine "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). Evidence that a "reasonable mind might accept as adequate to support a conclusion" is substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted) (citation omitted). It is "more than a scintilla of evidence but less than a preponderance . . . ." *Rogers*, 486 F.3d at 241. Where substantial evidence supports the ALJ's decision, a court is obliged to affirm. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (citation omitted). The court should not attempt to resolve conflicts of evidence or questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The district court may consider any evidence in the record, regardless of whether cited in the ALJ's decision. *Mullen v. Bowen*, 800 F.2d 535, 545-46 (6th Cir. 1986).

## III.   DISCUSSION

Differing opinions from doctors regarding social security claimants obviously receive differing weights. Generally, the opinion of a doctor who has examined a patient is given more weight than one who has not, and the opinion of a doctor with an ongoing treatment relationship with the patient is given more weight than one who merely examined a patient a few times. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (citations omitted). "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." *Id.* (internal quotation marks omitted) (citing Soc. Sec. Rul. No. 96-6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996)).

In this case, neither the ALJ nor the Magistrate Judge considered the opinion of Dr. Veligandla controlling. The ALJ considered the opinion as that of a "medical source" instead of a "treating source," giving it only "limited weight." (AR 223; Findings of Fact, Conclusions of Law and Recommendation 4, DN 23). The Court agrees with the Magistrate Judge's conclusion that the ALJ need not have afforded Dr. Veligandla's opinion controlling weight.

First, Sprowles did not establish that Dr. Veligandla was a treating source. Sprowles had appointments with the doctor in June, July, and September 2012. (AR 807, 809, 811). The records from her final appointment indicate Dr. Veligandla intended Sprowles to return for a follow-up in two months, though there is nothing in the record to indicate she saw him again. (AR 808). "[I]t is questionable whether a physician who examines a patient only three times over a four-month period is a treating source—as opposed to a nontreating (but examining) source." *Helm v. Comm'r of Soc. Sec. Admin.*, 405 F. App'x 997, 1000 n.3 (6th Cir. 2011). While Sprowles submitted additional hospital records to the appeals council indirectly referencing additional treatment by Dr. Veligandla, the new evidence was dated after the ALJ's decision. The Appeals Council properly declined to consider evidence dated after the ALJ's decision. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). The evidence available to the ALJ indicates only that Dr. Veligandla examined Sprowles on three occasions, from which the factfinder was entitled to conclude that Dr. Veligandla was not a treating source.

Second, even if Dr. Veligandla was a treating source, the ALJ's decision gives reason for granting his opinion more limited weight. Where the ALJ finds a treating source's opinion inconsistent with the other substantial evidence, that opinion is not entitled to controlling weight. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009) (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4). Here, the ALJ found the "limitations identified by Dr. Veligandla are

4

not supported by the objective evidence of record or the claimant's demonstrated level of activity." (AR 223). Sprowles's activity was demonstrated through a pregnancy and observed movements during a hospital stay. (AR 222-23). Other medical opinions were also inconsistent with Dr. Veligandla's conclusions. The ALJ noted positive cardiac reports from Dr. Rodney Miguel, Dr. Kammerling, and one note from Dr. Veligandla himself. (AR 222). The ALJ further found Sprowles's conservative course of treatment inconsistent with the severity of disability alleged. (AR 223). It is possible Sprowles's condition worsened between Dr. Veligandla's June, July, and September 2012 examinations and April 2013, when he filled out the cardiac RFC. There is no medical evidence in the record to support this conclusion, however. Because the ALJ found Veligandla's opinion inconsistent with other substantial evidence, he need not have afforded it controlling weight.

      Finally, Dr. Veligandla's opinions are supported by only limited objective medical evidence. When "well-supported by medically acceptable clinical and laboratory diagnostic techniques" treating source opinions are entitled to controlling weight. 20 C.F.R. § 416.927(c)(2). In the report from July 2012 office exam, Dr. Veligandla noted that "patient is not a candidate to go to work due to syncope [fainting] and frequent episodes of shortness of breath and chest pressures." (AR 810). He further notes complaints of syncope and shortness of breath which are based not on laboratory results or diagnostic techniques, but merely upon Sprowles's self-reports. Further, in the report of the September 2012 office exam, Dr. Veligandla makes no mention of syncope and notes "patient denied any chest pain, shortness of breath . . . ." (AR 807).  While both these reports contained clinical and laboratory diagnostic results, the findings Sprowles notes are merely Dr. Veligandla's reiteration of Sprowles's reported subjective symptoms. Her reports of syncope were repeated in a July 2012 emergency room visit,

5

where syncope is listed as her chief complaint but observed "no reoccurrence [of syncope] since admission." (AR 770). Thus, Dr. Veligandla's opinion that Sprowles was not a candidate for work due to syncope and shortness of breath is not supported by clinical or laboratory results.

Further, the cardiac RFC questionnaire is not a genuine medial opinion but rather an opinion regarding Sprowles's RFC. In the cardiac RFC questionnaire, Dr. Veligandla found Sprowles could stand/walk for less than two hours and sit for about four hours in an eight hour workday. (AR 816). Dr. Veligandla also found Sprowles might be absent from work four times per month because of her impairment and its treatment. These conclusions, however, are not entitled to great weight. An opinion regarding a patient's RFC is ultimately left to the discretion of the Commissioner. 20 C.F.R. §§ 1527(d)(2), 416.927(d)(2). Because only limited objective medical evidence supports Dr. Veligandla's opinions, those opinions are not entitled to the controlling weight a treating opinion might otherwise be afforded. Dr. Veligandla's opinions on Sprowles's RFC are entitled to no weight, as those decisions are ultimately left to the Commissioner.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes the Commissioner's decision not to give Dr. Veligandla's opinion controlling weight is supported by substantial evidence in the record. Accordingly, Jill Sprowles's objections (DN 24) are **OVERRULED**. The Magistrate Judge's report is **ADOPTED** to the extent it is consistent with this opinion.

**IT IS SO ORDERED.**

**Greg N. Stivers, Judge**
**United States District Court**
September 10, 2015

cc:   counsel of record

6